UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| QL2 SOFTWARE LLC, | No. C13-00899 LB |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| REARDEN COMMERCE INC, | |
| Defendant. | [Re: ECF No. 28] |

Plaintiff QL2 Software LLC brings this action against Defendant Rearden Commerce, Inc. for allegedly failing to pay the amount owed under a Software License Agreement ("SLA") that the parties executed on or around May 10, 2012. Complaint, ECF No. 1. At the June 27, 2013 case management conference, the court set November 1, 2013 as the fact discovery cut-off and February 6, 2014 as the last date for hearing dispositive motions. 7/3/2013 Order, ECF No. 23 at 2.

On September 25, 2013, QL2 filed a motion for partial summary judgment. Motion, ECF No. 28. QL2 asks the court to decide whether Rearden materially breached the SLA by refusing to pay monies due and owing under it. *Id.* at 5. The problem is that QL2 did not file along with its motion a joint statement of undisputed facts, and the undersigned's standing order – which the parties have received – requires one. *See* ADR Scheduling Order, Exh. 1, ECF No. 2-1 (standing order). As the standing order clearly states:

> Motions for summary judgment shall be accompanied by a joint statement of the material facts that the parties agree are not in dispute. The joint statement shall include – for each undisputed fact – citations to admissible evidence. The parties shall comply with the procedures set forth in Civil Local Rule 56-1(b). The parties

> may not file – and the Court will not consider – separate statements of undisputed facts.  Failure to stipulate to an undisputed fact without a reasonable basis for doing so may result in sanctions.  *See* Civil L. R. 56-1(b).

*Id.* at 3-4.  Accordingly, the court **DENIES WITHOUT PREJUDICE** QL2's motion for partial summary judgment.  Once the parties have complied with the undersigned's standing order and the procedures set forth in Civil Local Rule 56, QL2 may re-file its motion (and the joint statement of undisputed facts) in accordance with Civil Local Rule 7.

**IT IS SO ORDERED.**

Dated: October 1, 2013

_____
LAUREL BEELER
United States Magistrate Judge